UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WESLEY SCOTT | § § | |
| VS. | § § | CIVIL ACTION NO. 1:16-CV-993-LY |
| 3M COMPANY, ET. AL. | § § | |

## DEFENDANT MASTEC NORTH AMERICA, INC.'S ORIGINAL ANSWER AND DEFENSES, SUBJECT TO MOTION TO TRANSFER VENUE

COMES NOW, Defendant MasTec North America, Inc. and files this Original Answer and Defenses, Subject to Motion to Transfer Venue, pursuant to the Federal Rules of Civil Procedure and would respectfully show this Court as follows:

### A.
### ORIGINAL ANSWER

1. Paragraph 1 of Plaintiff's Original Petition need not be admitted nor denied, since it is not applicable to a federal court matter.

2. Defendant MasTec North America, Inc. admits that this Court has personal jurisdiction over it and that the incident giving rise to this cause of action occurred in Texas, as alleged in Paragraph 2 of Plaintiff's Original Petition. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about this Court's personal jurisdiction over the other named Defendants.

3. Defendant MasTec North America, Inc. denies venue is proper in Travis County, Texas, as alleged in Paragraph 3 of Plaintiff's Original Petition.

4. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about Plaintiff's allegations contained in Paragraph 4 of Plaintiff's Original Petition.

5. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about Plaintiff's allegations contained in Paragraph 5 of Plaintiff's Original Petition.

6. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about Plaintiff's allegations contained in Paragraph 6 of Plaintiff's Original Petition.

7. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about Plaintiff's allegations contained in Paragraph 7 of Plaintiff's Original Petition.

8. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about Plaintiff's allegations contained in Paragraph 8 of Plaintiff's Original Petition.

9. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about Plaintiff's allegations contained in Paragraph 9 of Plaintiff's Original Petition.

10. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about Plaintiff's allegations contained in Paragraph 10 of Plaintiff's Original Petition.

11. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about Plaintiff's allegations contained in Paragraph 11 of Plaintiff's Original Petition.

12. Defendant MasTec North America, Inc. denies that its principal place of business is in Texas. This Defendant admits the remainder of the allegations contained in Paragraph 12 of Plaintiff's Original Petition.

13. Defendant MasTec North America, Inc. admits that on February 12, 2016, Plaintiff was working as a tower hand in Rosenberg, Texas and fell while climbing a tower owned by an American Towers entity, as alleged in Paragraph 13 of Plaintiff's Original Petition. This Defendant denies it instructed Plaintiff to perform the work at issue. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about the remainder of the allegations contained in this Paragraph.

14. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about Plaintiff's allegations contained in Paragraph 14 of Plaintiff's Original Petition.

15. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 15 of Plaintiff's Original Petition.

16. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 16 of Plaintiff's Original Petition.

17. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 17 of Plaintiff's Original Petition.

18. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 18 of Plaintiff's Original Petition.

19. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 19 of Plaintiff's Original Petition.

20. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 20 of Plaintiff's Original Petition.

21. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 21 of Plaintiff's Original Petition.

22. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 22 of Plaintiff's Original Petition.

23. Defendant MasTec North America, Inc. denies the allegations contained in Paragraph 23 of Plaintiff's Original Petition, to the extent such claims are asserted against it. This Defendant is without knowledge or information sufficient to form a belief about Plaintiff's allegations as pertaining to any other Defendant.

24. Defendant MasTec North America, Inc. denies that it was negligent or grossly negligent, as alleged in Paragraph 24 of Plaintiff's Original Petition. This Defendant is without knowledge or information sufficient to form a belief about Plaintiff's allegations as pertaining to any other Defendant. Defendant MasTec North America, Inc. admits that the damages alleged by Plaintiff are in excess of the jurisdictional limits of this Court.

25. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 25 of Plaintiff's Original Petition.

26. Defendant MasTec North America, Inc. admits Plaintiff asserts entitlement to the damages identified in Paragraph 26 of Plaintiff's Original Petition, but denies that it is liable to Plaintiff for the same.

27. Defendant MasTec North America, Inc. admits Plaintiff seeks the damages identified in Paragraph 27 of Plaintiff's Original Petition and that said amount is within this Court's jurisdictional limits, but denies that it is liable to Plaintiff for the same.

28. Defendant MasTec North America, Inc. denies the allegations contained in Paragraph 28 of Plaintiff's Original Petition, to the extent such claims are asserted against it. This Defendant is without knowledge or information sufficient to form a belief about Plaintiff's allegations as pertaining to any other Defendant.

29. Defendant MasTec North America, Inc. is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 29 of Plaintiff's Original Petition.

30. Defendant MasTec North America, Inc. admits Plaintiff seeks a jury trial, as alleged in Paragraph 30 of Plaintiff's Original Petition.

31. Defendant MasTec North America, Inc. admits Plaintiff seeks a jury trial, as alleged in Paragraph 31 of Plaintiff's Original Petition.

32. Defendant MasTec North America, Inc. admits Plaintiff seeks the relief identified in Paragraph 32 of Plaintiff's Original Petition. Defendant denies Plaintiff is entitled to such relief from this Defendant.

## B.
## AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S CLAIMS

1. Defendant MasTec North America, Inc. pleads entitlement to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code, if and in the unlikely event, entitlement to such damages can be properly established.

2. Defendant MasTec North America, Inc. would further assert that an award of exemplary and/or punitive damages would violate this Defendant's rights under the United States Constitution and the Constitution of the State of Texas, including, but not limited to, the guarantee of due process, the guarantee of equal protection, the guarantee against double jeopardy, unlawful takings, and excessive fines. Defendant specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards which arose in the decision of *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto, Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

3. Upon trial of this suit, the jury should consider and apportion the responsibility of all parties, responsible third parties and settling parties, pursuant to the requirements of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

4.  Defendant MasTec North America, Inc. invokes §18.091 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE and request, to the extent Plaintiff seeks recovery for loss of earnings or loss of earning capacity, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability. Defendant MasTec North America, Inc. further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

5.  Answering further and in the affirmative, Defendant MasTec North America, Inc. invokes §41.0105 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

6.  Defendant MasTec North America, Inc. would additionally show that it is not liable to Plaintiff in the capacity sued, as this entity did not direct or control Plaintiff or otherwise have anything to do with the project at issue in this matter. This Defendant specifically denies it is liable to Plaintiff in this matter.

7.  Defendant MasTec North America, Inc. denies it is liable to Plaintiff to the extent of any and all acts and/or omissions of any parties, responsible third parties, and/or independent third parties, over whom and to the extent this Defendant exercised no actual or constructive control, proximately caused or contributed to the damages alleged by Plaintiff, including any negligent conduct of Plaintiff.

8.  Plaintiff's claims are barred to the extent that he failed to use reasonable efforts to mitigate his damages, if any.

WHEREFORE PREMISES CONSIDERED, Defendant MasTec North America, Inc. prays that the Court transfer venue to the Southern District of Texas; that this matter be set for trial with proper notice to all parties; and upon hearing, that judgment subsequently enter in favor of this Defendant; for an award of reasonable and necessary attorney's fees; and for such other and further relief to which Defendant MasTec North America, Inc. may be justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY,
SHIPMAN & SALINAS, L.L.P.**
1717 W. 6th Street, Suite 300
Austin, Texas 78703
(512) 476-5300
FAX (512) 476-5771

By: /s/Joanna Lippman Salinas
    Joanna Lippman Salinas
    State Bar No. 00791122

Attorneys for Defendants,
*American Towers LLC, American Tower
Management, LLC, and American Tower, L.P. and
MasTec North America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendant MasTec North America, Inc.'s Original Answer and Defenses** has been provided to the offices of:

Jason A. Itkin
Cory D. Itkin
Noah M. Wexler
Ryan S. MacLeod
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, Texas 77007

Christina A. Culver
Zandra E. Foley, *Pro Hac Vice*
**THOMPSON, COE, COUSINS & IRONS, LLP**
One Riverway, Suite 1400
Houston, Texas 77056

by Electronic Service, in accordance with the Federal Rules of Civil Procedure, on September 12, 2016.

/s/Joanna Lippman Salinas
Joanna Lippman Salinas

## VERIFICATION

STATE OF TEXAS

COUNTY OF TRAVIS

BEFORE ME, the undersigned Notary Public, on this day personally appeared Joanna Lippman Salinas, who being duly sworn by me on her oath said that she is the attorney for Defendant MasTec North America, Inc. in the above entitled and numbered cause; that she has read the above and foregoing motion, and that the statements contained therein are within her personal knowledge and are true and correct.

JOANNA LIPPMAN SALINAS

SUBSCRIBED AND SWORN TO BEFORE ME, on the 12th day of September, 2016, to certify which witness my hand and official seal.

TAMMY ELLEN HERNANDEZ
Notary Public, State of Texas
My Commission Expires
January 11, 2017

Notary Public in and for The State of Texas
Name Printed: Tammy Ellen Hernandez
My Commission Expires: Jan 11, 2017